These provisions apply as well to a case where the petitioner has not yet been adjudged a bankrupt, as to a case where he has. For the purpose of allowing such amendments, when they are uncontested, the register is the court, and has power to allow them on a direct application to him. Of course the co-ordinate power of allowing them in like cases also exists in the judge.

The original amendments permitted to be made should be filed with the clerk, and, in making them, rules 14 and 33 of the general orders in bankruptcy, before referred to, should be observed. When they are so filed, the register will act on them, in conformity with rule 7 of said general orders in bankruptcy and rule 4 of the rules of this court in bankruptcy.

<hr>

## Case No. 9,797.

### In re MORGAN.

[8 Ben. 186.] [1]

District Court, S. D. New York. July, 1875.

BANKRUPTCY—PROOF OF DEBT—CORPORATION—DISSOLUTION.

M. was elected president of a corporation, incorporated under the act of the state of New York authorizing the formation of corporations for mechanical and other purposes. At that time he was a stockholder, but he afterwards ceased to be one. The capital stock was not all paid in within two years from its incorporation, as required by that act, but no proceedings were taken for the dissolution of the corporation. Thereafter M. went into bankruptcy, and, in the bankruptcy proceedings, a proof of debt was presented on behalf of the corporation, which proof was made by M., as president of the corporation, and was for moneys belonging to the corporation, which he had received as president: *Held*, that the corporation had the right to collect claims due to it; that the register had no power, on the re-examination of its claim to determine its right to continued corporate existence; and that M. was to be taken to be president of the corporation, for the purpose of the proof of the debt.

The register in this case certified to the court the following case:

The North River Petroleum Company is a corporation organized under the act of the legislature of the state of New York, authorizing the formation of corporations for manufacturing and other purposes, passed February 17th, 1848. The corporation was organized in 1865, and in that year Henry N. Morgan (the present bankrupt), a stockholder and trustee of said company, was elected president. Since such election no other election has been held. The petition for adjudication of bankruptcy was filed herein December 19th, 1874. The proof of debt under objection was made by said Morgan as president of said company, and is for the sum of $2,718.71, being for moneys received by him, belonging to said company, in his capacity as president, and in which sum he remained indebted to said company at the time of his bankruptcy.

Mr. Hutchins, for petitioning creditor, opposing said claim, having offered to prove that the company failed to pay in all the capital stock within two years from its incorporation, and to file a certificate thereof in the county clerk's office, required by sections 10 and 11 of the act of incorporation, passed in 1848, claimant's counsel objected to such proof as immaterial, and the register sustained the objection, to which the petitioner's counsel excepted.

And Mr. Hutchins, for petitioning creditor, opposing said claim, objected to the proof of debt: (1) Because, if such capital was not paid in, as required by statute, such corporation claimant was ipso facto dissolved; and (2) because Henry N. Morgan, who made the proof of debt, ceased to be a stockholder in said company, and, not being a stockholder, could not, according to the third and fifth sections of said act, be trustee or president, and, therefore, had no capacity to make said proof. He therefore asked the register to expunge the said proof of debt.

The register's opinion was as follows:

1. No proceedings have been had to dissolve the corporation, and, until proceedings and judgment for dissolution, its creditors may enforce their rights against it and it may collect its claims. The re-examination of a claim, on petition, before a register, under the 34th general order, is summary, and brings to view the subject matter of the claim. To hear and determine incidentally the right of a corporation claimant to continued corporate existence, denied by the objector, upon account of failure to perform some act required by statute, is not within the province of the register.

2. For the purpose for which Henry N. Morgan now appears in this proof of claim, he is to be taken as the president of the corporation. He was duly elected while a stockholder, and the mere fact of his ceasing to be such did not vacate his office, so as to make this proof of claim a nullity.

BLATCHFORD, District Judge. I concur in the views of the register.

[NOTE. It was subsequently decided that there was no objection to the appearance of one as counsel for a creditor who had previously appeared as counsel for bankrupt. Case No. 9,798.]

<hr>

## Case No. 9,798.

### In re MORGAN.

[8 Ben. 232.] [1]

District Court, S. D. New York. Aug., 1875.

ATTORNEY AND CLIENT—REPRESENTING ANTAGONISTIC INTERESTS—BANKRUPT PROCEEDINGS.

There is no legal objection to the appearance by counsel, who has previously acted as counsel

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

for the bankrupt, as counsel for a creditor whose claim is under re-examination.

[This case was formerly heard upon the proof of debt of a corporation of which the bankrupt had been president. Case No. 9,-797.]

The register in this case certified to the court that, on the re-examination of the claim of Yale & Co., alleged creditors of the bankrupt, Mr. Pelton, who had appeared in all the proceedings as counsel for the bankrupt [Henry N. Morgan], and was still acting as such, appeared as counsel for Yale & Co.; and that the creditor who had required the re-examination of such claim objected to such appearance for Yale & Co., by reason that such counsel occupied the antagonistic position of counsel for the bankrupt. And the register certified to the court this question: "Does any legal objection exist to Mr. Pelton's acting as counsel for the claimants, Yale & Co., on the ground that he is the counsel for the bankrupt?" with his opinion thereon, as follows: "The objection is one that it might be very material for the claimants to consider; but it is not perceived how the fact stated as the foundation of it can work injury to the objector, nor ·that the choice made by the claimants, is to be forbidden by the court."

BLATCHFORD, District Judge. I concur in the conclusion of the register.

───────

MORGAN v. The BEN FLINT. See Case No. 1.299.

MORGAN (COOKINGHAM v.). See Case No. 3,183.

MORGAN (CROFFORD v.). See Case No. 3,-403.

MORGAN (CROSS v.). See Case No. 3,433.

───────

## Case No. 9,799.

### MORGAN v. CURTENIUS et al.

[4 McLean, 366.] [1]

Circuit Court, D. Illinois. June Term, 1848.[2]

EJECTMENT—ALTERATION IN PATENT— PROOF OF DEEDS AND WILLS—PROBATE COURT CERTIFICATE —ASSIGNMENT OF PRE-EMPTION RIGHTS.

[1. The fact that the name of the grantee in a patent appears to have been changed by scratching out a dot over the letter "i" is not sufficient to exclude the patent as evidence, it not appearing that the alteration was material, or that it was made after the patent came into the patentee's possession.]

[Cited in Re Heller, Case No. 6,339.]

[2. The certificate of a probate judge to the copy of a will is not invalid for want of a seal, where that court, though formerly held to be a court of record, is now no longer such, which fact is certified by the judge with the statement that the court has no seal.]

─────
[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Affirmed in 20 How. (61 U. S.) 1.]

[3. A certificate to the proof of the execution of a deed which fails to state that the subscribing witness was personally known to the officer taking the acknowledgment, as required by the Illinois statute (Rev. St. 1845, p. 107, § 20), is fatally defective.]

[4. Parol proof of the signature of a grantor in a deed may be made without first proving the signature of the subscribing witness, it being shown that the latter has left the country, and it not appearing that his hand writing can be proved.]

[Cited in brief in Clardy v. Richardson, 24 Mo. 296.]

[5. Deeds conveying lands to which the grantor has acquired only a pre-emption right may, in an action of ejectment, be received in evidence to prove outstanding title, where the patent has since actually issued, although the statute makes all assignments of pre-emption rights prior to the issuance of patents invalid (Act July 14, 1832).]

[Cited in Dillingham v. Fisher, 5 Wis. 479. Cited in brief in McKean v. Crawford, 6 Kan. 116.]

[This was an action of ejectment by Benjamin F. Morgan against Alfred G. Curtenius and others.]

Butterfield, Goodrich & Merriman, for plaintiff.

Powell & Peters, for defendants.

OPINION OF THE COURT. This is an action of ejectment, to recover possession of twenty-three acres of ground. By a statute of Illinois, the fictitious forms and names of the action of ejectment are abolished. A patent for the land to John L. Bogardus, dated the 5th of January, 1838, was offered in evidence, which was objected to, on the ground that the name of the patentee appears to have been altered by scratching out a dot over the letter i, which made the name Bogardus, instead of Bogardies, as it now appears. The court overruled the objection, observing that it did not appear that the alteration was material, or that it had been made since the patent came into the possession of the patentee. It was proved that Bogardus, the patentee, died the 2d of June, 1838; and a copy of his will, and the probate thereon, was offered in evidence. This was objected to because the copy was not certified under the seal of the probate court. That court, formerly, was held to be a court of record, and had a seal. Now, it is not a court of record, and has no seal. This statement was made in the certificate of the judge of probate.

The act of 1845 requires the judge of probate to have a seal; and parol proof was offered to show there was a seal. The law makes a certificate without seal, valid where there is no seal. The court overruled the parol testimony offered, and admitted the certified copy of the will, etc. A deed was then offered in evidence, made by the executrix to Cole, dated 25th September, 1845, for the land in controversy. And also a deed from Cole to Frink for one-third of the fraction; and afterward a deed from the same to the same, for one-sixth of the fraction, dated 22d of May, 1846. Deed from Frink to Morgan,